HANNI M. FAKHOURY (SBN 252629)
hanni@eff.org
JENNIFER LYNCH (SBN 240701)
jlynch@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR INJUNCTIVE** |
| ) | **RELIEF FOR VIOLATION OF THE** |
| v. ) | **FREEDOM OF INFORMATION ACT,** |
| ) | **5 U.S.C. § 552** |
| DEPARTMENT OF JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

1.      This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief.  Plaintiff seeks the release of records that Plaintiff requested from Defendant Department of Justice and its component Drug Enforcement Agency concerning the "Hemisphere" program, a partnership between telecommunications provider AT&T and law enforcement officials, including the Drug Enforcement Agency, that allows law enforcement to access detailed phone records and conduct complicated analysis and data mining of those records.

## PARTIES

2.      Plaintiff Electronic Frontier Foundation (EFF) is a not-for-profit corporation established under the laws of the Commonwealth of Massachusetts, with offices in San Francisco, California and Washington, D.C.  EFF is a donor-supported membership organization that works to inform policymakers and the general public about civil liberties issues related to technology and to

Case3:15-cv-03186-MEJ   Document1   Filed07/09/15   Page2 of 7

act as a defender of those liberties.  In support of its mission, EFF uses the FOIA to obtain and disseminate information concerning the activities of federal agencies.

3.      Defendant Department of Justice (DOJ) is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f). The Drug Enforcement Agency (DEA) is a component of Defendant DOJ.

## JURISDICTION

4.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

5.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6.      Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Plaintiff is headquartered.

## FACTUAL ALLEGATIONS

**A.      The "Hemisphere" Program**

7.      On September 1, 2013, the *New York Times* reported on the existence of a partnership between telecommunications provider AT&T and law enforcement officials known as "Hemisphere."[1]   Included with the *New York Times* article was a PowerPoint presentation, produced by the High Intensity Drug Trafficking Areas (HIDTA) program[2] that explained

---

[1] *See* Scott Shane and Colin Moynihan, "Drug Agents Use Vast Phone Trove, Eclipsing N.S.A.'s," *New York Times*, September 1, 2013, *available at* http://www.nytimes.com/2013/09/02/us/drug-agents-use-vast-phone-trove-eclipsing-nsas.html.

[2] The "HIDTA" is a program administered by the White House's Office of National Drug Control Policy (ONDCP) that "provides assistance to Federal, state, local, and tribal law enforcement agencies operating in areas determined to be critical drug-trafficking regions of the United States." "High Intensity Drug Trafficking Areas (HIDTA) Program," https://www.whitehouse.gov/ondcp/high-intensity-drug-trafficking-areas-program.  That assistance includes intelligence sharing between law enforcement agencies nationwide.  The DEA explains it plays "a very active role" in the HIDTA program and has almost 600 special agents dedicated to the program.  "DEA Programs: High Intensity Drug Trafficking Areas (HIDTAs)," *available at* http://www.dea.gov/ops/hidta.shtml.

-2-

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

Hemisphere.[3]  The existence of the program had not been previously reported.

8.     The Hemisphere program involves the placement of AT&T employees within law enforcement agencies that are part of the HIDTA program to facilitate law enforcement access to electronic call detail records.  Call detail records are telephone records containing a phone user's dialing, routing and location information.   Hemisphere allows law enforcement to conduct complicated phone pattern analysis on these records to determine other phone numbers used by a person, other individuals they communicate with and information about where they are when making phone calls.  According to the HIDTA PowerPoint presentation, the Hemisphere program has call detail records going back to 1987 and contains over 4 billion call detail records on a daily basis.  According to the HIDTA PowerPoint, investigators submit an administrative or grand jury subpoena or a court order to Hemisphere, which can then provide records to law enforcement in as little as one hour.

10.    In the presentation, HIDTA emphasized repeatedly that law enforcement must take steps to "protect" the program and "keep the program under the radar."[4]  As a result, HIDTA informs officers making requests "to never refer to Hemisphere in any official document," and in cases where "there is no alternative to referencing a Hemisphere request, then the results should be referenced as information obtained from an AT&T subpoena."[5]  The HIDTA PowerPoint stresses that Hemisphere should be used as a "pointer system" that allows law enforcement to do complicated analysis of phone call records to determine alternative phone numbers a suspect may be using, as well as other associates they may be communicating with and even a phone's physical location.[6]  Armed with this analysis, law enforcement can then issue a more traditional subpoena or search warrant to the phone provider directly to obtain this information with the understanding it is this subsequent subpoena or warrant that will be made public and available to criminal defendants

---

[3] *See* "Synopsis of the Hemisphere Project," *New York Times*, September 1, 2013, *available at* https://s3.amazonaws.com/s3.documentcloud.org/documents/782287/database.pdf.
[4] *Id.* at p. 8, *available at* https://s3.amazonaws.com/s3.documentcloud.org/documents/782287/database.pdf#page=8.
[5] *Id*. at p. 12, *available at* https://s3.amazonaws.com/s3.documentcloud.org/documents/782287/database.pdf#page=12.
[6] *Id*. at p. 10, *available at* https://s3.amazonaws.com/s3.documentcloud.org/documents/782287/database.pdf#page=10.

COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATION OF
THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552

through the discovery process.  According to the slides, this allows the information obtained via Hemisphere to be "walled off" from public scrutiny.[7]

**B.**    **Plaintiff's FOIA Requests and Requests for Expedited Processing.**

10.    In a letter dated February 5, 2014 and sent by facsimile and email to the DEA, Plaintiff requested under the FOIA seven categories of agency records, including electronic records, concerning the Hemisphere program and requested expedited processing of the request.

11.    DEA acknowledged Plaintiff's request via a letter dated February 21, 2014.  By letter dated March 11, 2014, the DEA declined Plaintiff's request for expedited processing.  By letter dated March 19, 2014, the DEA requested Plaintiff reformulate its request as to six of the seven categories, explaining Plaintiff's original request "does not reasonably describe records" and was "overly broad and burdensome."  The DEA acknowledged the seventh request in Plaintiff's original request was acceptable as written and was being processed.

12.    On April 15, 2014, Plaintiff submitted a reformulated request that narrowed the information sought and the specific DEA offices to be searched.

13.    Ultimately, Plaintiff requested DEA search its Headquarters in Springfield, Virginia and the Los Angeles, San Diego and San Francisco field divisions, as well as all the offices within those divisions, for the following records dated between 2008 and the present:

    a. DEA memoranda, policies, procedures, forms, training and practice manuals, concerning the "Hemisphere" program produced or possessed by DEA headquarters these field divisions or the offices within those divisions;

    b. Information contained with the Investigative Reporting and Filing System ("IRFS") concerning DEA headquarters, these field divisions, or the offices within those divisions' use of "Hemisphere" to obtain records or data in the course of an investigation.  Consistent with 28 C.F.R. § 502(b)(3), this request sought only "incontrovertible, factual matters" limited to the name of a suspect charged in a criminal case as a result of evidence obtained through "Hemisphere," the docket number of that criminal case, and the court of criminal prosecution, whether state or

[7] *Id.*

1    federal;

2        c.   Any communications or discussions with AT&T or any other telecommunications

3             providers concerning technical or legal difficulties the DEA headquarters or these

4             DEA field divisions and the offices within the divisions have encountered in

5             obtaining records and data through "Hemisphere;"

6        d.   Any communications or discussions that DEA headquarters or these DEA field

7             divisions and the offices within had with other law enforcement agencies, including,

8             but not limited to Immigrations and Customs Enforcement ("ICE"), the Federal

9             Bureau of Investigation ("FBI") and state and local law enforcement agencies

10            related to coordinating or managing the "Hemisphere" program, or any data

11            obtained through "Hemisphere;"

12       e.   Any contracts or compensation agreements that DEA headquarters, these field

13            divisions or the offices within these divisions had with AT&T or any other

14            telecommunications provider concerning the "Hemisphere" program;

15       f.   Any communications, discussions, contracts or compensation agreement that DEA

16            headquarters, these field divisions or the offices within these divisions had with the

17            following fusion centers related to coordinating or managing the "Hemisphere"

18            program or any data obtained through "Hemisphere:" the California State Threat

19            Assessment Center, Central California Intelligence Center, Northern California

20            Regional Intelligence Center, Los Angeles Joint Regional Intelligence Center,

21            Orange County Intelligence Assessment Center, and the San Diego Law

22            Enforcement Coordination Center; and

23       g.   Any briefings, discussions, or other exchanges between DEA or DOJ officials and

24            members of the Senate or House of Representatives concerning the existence and

25            operation of "Hemisphere."

26       14.   On May 23, 2014, via letter, DEA acknowledged receipt of the reformulated request

27  and stated it had begun the process of gathering and reviewing records.

28       15.   On April 7, 2015, DEA produced records in response to Plaintiff's request via postal

-5-

1  mail.  DEA determined it had located 308 pages of responsive pages, of which it withheld 132

2  pages in full.  DEA released the remaining 176 pages, however these were heavily redacted.

3          16.     In the April 7, 2015 letter, DEA identified three statutory grounds under the FOIA

4  for withholding and redacting records: (a) 5 U.S.C. § 552(b)(5), which exempts privileged inter-

5  agency documents; (b) 5 U.S.C. § 552(b)(6), which exempts sensitive records; and (c) 5 U.S.C. §

6  552(b)(7), which exempts records compiled for a law enforcement purpose.

7          17.     On April 28, 2014, via fax Plaintiff timely filed an administrative appeal of DEA's

8  response to Plaintiff's request with the Department of Justice's Office of Information Policy (OIP)

9  on the ground that the DEA has applied its claimed exemptions more broadly than the FOIA

10  allows.  The faxed appeal was sent to the publicly available fax number for the OIP—202 514

11  1009—listed on the DOJ's website.[8]

12          18.     As of the date of the filing of this Complaint, OIP has failed to respond

13  substantively to Plaintiff's administrative appeal.

14          19.     As the statutory time period by which Defendant must respond to Plaintiff's appeal

15  has passed, Plaintiff has exhausted all applicable administrative remedies.

16          20.     Defendant continues to wrongfully withhold the requested records from Plaintiff.

17                                    **CAUSES OF ACTION**

18  **Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records**

19          21.     Plaintiff repeats and realleges paragraphs 1-20.

20          22.     Defendant has wrongfully withheld agency records requested by Plaintiff by failing

21  to produce all records in the agency's possession responsive to Plaintiff's request and by failing to

22  adequately segregate responsive from non-responsive records.

23          23.     Plaintiff has exhausted applicable administrative remedies with respect to

24  Defendant's wrongful withholding of the requested records.

25          24.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of

26  the requested documents.

27

28  _____
[8] *See* U.S. Department of Justice Office of Information Policy FOIA Contact, *available at*
http://www.justice.gov/oip/oip-foia.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff prays that this Court:

     1.    order Defendant to disclose the requested records in their entirety and make copies available to Plaintiff;

     2.    award Plaintiff its costs and reasonable attorneys fees incurred in this action; and

     3.    grant such other relief as the Court may deem just and proper.


DATED:  July 9, 2015

                                           By   /s/ Hanni M. Fakhoury
                                                Hanni M. Fakhoury

                                                Jennifer Lynch
                                                  ELECTRONIC FRONTIER FOUNDATION
                                                815 Eddy Street
                                                  San Francisco, CA  94109

                                                Attorneys for Plaintiff
                                              ELECTRONIC FRONTIER FOUNDATION