AARON MACKEY (SBN 286647)
amackey@eff.org
ADAM D. SCHWARTZ (SBN 309491)
adam@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 15-cv-03186-MEJ |
| Plaintiff, | **EFF'S REPLY TO DOJ'S SUPPLEMENTAL BRIEF** |
| v. | |
| DEPARTMENT OF JUSTICE, | Hon. Maria-Elena James |
| Defendant. | |

**Introduction**

DOJ has failed to meet its burden of proof, so EFF is now entitled to summary judgment. The time has come for DOJ to comply with FOIA and publicly disclose important records about the vast Hemisphere surveillance program, with no further delay to give DOJ an extra chance to correct its failure of proof. DOJ's supplemental brief (ECF 44) does not show otherwise. A few of DOJ's points warrant brief responses.

**I.  The Parties Agree That This Court Need Not Await Resolution of *EPIC*.**

In its supplemental brief, DOJ states: "the Court need not wait for the *EPIC* case to resolve before ruling on the parties' cross motions for summary judgment." *See* ECF 44 at 3. EFF agrees.[1]

**II.  This Court Should Not Grant DOJ Another Chance to Correct Its Failure of Proof.**

This Court should order the immediate disclosure of all records that DOJ has failed to justify withholding under FOIA. DOJ argues that if it has failed to meet its burden, the Court should deny its motion without prejudice while giving it additional time to submit additional evidence and argument. *See* ECF 44 at 6. The Court should decline DOJ's request. The text of FOIA, case law, and DOJ's actions in this case all counsel against giving the agency more opportunities to attempt to justify its withholdings.

First, FOIA does not require this Court to give DOJ any additional chances to correct insufficiently justified withholdings. FOIA places the burden on agencies to justify their withholdings and gives this Court "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The text of the statute gives the Court authority to grant the

---

[1] EFF also agrees with DOJ that as to one category of *EPIC* records, the *EPIC* court simply ordered the federal government to "produce the pages for *in camera* review." *See* ECF 44 at 3 n.1. *See also EPIC v. DEA*, 2016 WL 3557007, *14 (D.D.C. 2016). While EFF renews its request for summary judgment now, the *in camera* review ordered in *EPIC* would be the second best option (as opposed to allowing DOJ to submit yet another declaration). *See* ECF 45 at 1-4.

relief EFF seeks here – an injunction requiring disclosure of the withheld records – without first giving DOJ another opportunity to meet its burden.

Second, courts regularly order disclosure of records without allowing agencies additional opportunities to meet their burden. For example, in *EFF v. ODNI*, 2009 WL 3061975 (N.D. Cal. Sept. 24, 2009), the Court ordered the disclosure of correspondence between Executive Branch agencies and congressional staff upon finding that the documents failed to meet Exemption 5's threshold requirement that the correspondence be inter- or intra-agency. *Id*. at *5, *rev'd on other grounds*, *EFF v. ODNI*, 639 F.3d 876, 882 (9th Cir. 2010). The same failure to meet Exemption 5's threshold requirement is present in documents withheld here.

Similarly, in *ACLU v. DOJ*, 70 F. Supp. 3d 1018 (N.D. Cal. 2014), the Court ordered the release of certain documents without providing the agency additional opportunities to submit evidence. The order came after the Court found that DOJ failed to meet its burden to establish that some documents were protected by the attorney work product privilege or that redactions made under Exemption 7(E) were warranted. *Id*. at 1039. Thus, the Court plainly has the statutory authority to order disclosure now without another round of summary judgment briefing.

Third, DOJ's repeated failure to provide sufficient evidence to justify its withholdings in this case – despite already having had supplemental briefing in which it could have done so – counsels against affording more opportunities for the agency to attempt to meet its burden. Specifically, DOJ has already filed two supplemental declarations and soon will have filed four supplemental briefs. ECF 45 at 1-2. DOJ has had multiple opportunities to correct any deficiencies – including those identified in *EPIC v. DEA*, 2016 WL 3557007 (D.D.C. June 24, 2016).

DOJ cites *Pickard v. DOJ*, 2014 WL 1868841 at *6 (N.D. Cal. May 7, 2014), but that case actually supports EFF's position that the Court should order DOJ to disclose records immediately, or alternatively order *in camera* review. DOJ argues *Pickard* stands for the proposition that a court

can deny an agency's summary judgment motion without prejudice and give it time to produce additional withholding justifications. ECF 44 at 6. But the court in *Pickard* actually ordered DOJ to reevaluate its withholdings in light of documents made public elsewhere – and thus release those previously withheld records – while also requiring DOJ to submit other documents for *in camera* review. *Pickard*, 2014 WL 1868841 at *6.

Further, *Schultz v. FBI*, 63 F. Supp. 3d 1183 (E.D. Ca. 2014), is inapposite here. *See* ECF 44 at 6. In *Schultz*, the court denied an agency's motion for summary judgment as premature and ordered it to produce a *Vaughn* index after rejecting its argument that the records were categorically exempt from FOIA. *Id*. at 1185-86. Because the *Schultz* court was in a different posture than this case – where there is a *Vaughn* index and briefing on particular documents – *Schultz* does not help DOJ should this Court find DOJ has failed to meet its burden under FOIA.

Finally, to the extent that the court in *Gerstein v. CIA*, 2010 WL 669743 (N.D. Cal. Feb. 23, 2010), permitted an agency to submit additional briefing to justify its withholdings, the Court should decline to follow its lead.

The Court should instead order disclosure of the disputed records and grant EFF's motion. Alternatively, the Court should order the documents be submitted for *in camera* review, which will likely lead to quicker resolution of the case than another round of DOJ submissions.

### III.     *Hamdan* Is Inapplicable Because the Disputed Records Are Guidelines.

As EFF previously explained, *Hamdan v. DOJ*, 797 F.3d 759 (9th Cir. 2015), is not relevant here because DOJ has consistently characterized the disputed records as guidelines and thus cannot justify their withholding under Exemption 7(E) without demonstrating a risk of circumvention. *See* ECF 36 at 2-4; 38 at 1-6. This was DOJ's description of the records throughout briefing, save for a naked, unsupported assertion in its fourth summary judgment brief that some of the disputed documents contained law enforcement techniques and procedures. *See* ECF 37 at 2-3.

Rather than meeting its burden under FOIA and developing a record that identified which documents contained techniques and procedures, as opposed to guidelines, DOJ merely offered to provide such information in the future. *Id.* at 2, n.1. The Court should not entertain DOJ's unsupported claim that the records contain techniques and procedures. Indeed, its previous characterization of the records should control.

Thus, contrary to DOJ's unsupported assertion, ECF 44 at 6, the *EPIC* court's standard for withholding records under Exemption 7(E) – requiring agencies to demonstrate a risk of circumvention – is fully applicable here. Because DOJ has failed to demonstrate that a circumvention risk exists, it has failed to meet its burden under FOIA to withhold records under Exemption 7(E).

**IV.     DOJ's Inconsistent Assertions of FOIA Exemptions in This Case and in *EPIC* Further Undermine DOJ's Position in This Case.**

In this case and the *EPIC* case, DOJ asserts different exemptions over the same records. Thus, DOJ errs by asserting a "correlation between the FOIA exemptions applied in the *EPIC* case and the FOIA exemptions applied in this case." *See* ECF 44 at 2. Rather, of the 161 pages common to both cases, the federal government asserts Exemption 7(A) over 151 pages in *EFF* and zero pages in *EPIC*, and it asserts Exemption 7(D) over 120 pages in *EFF* and 13 pages in *EPIC*. *See* ECF 45 at 3-4, discussing ECF 43-2 (DOJ's new "exemption comparison chart").

DOJ asserts its "goal and intention" to apply FOIA exemptions "consistently" in the *EFF* and *EPIC* cases. *See* ECF 44 at 5. The point, however, is that DOJ has not done so, and DOJ has yet to explain why it did not do so.[2]

This inconsistency shows the superiority of *in camera* review over the filing of another

---

[2] EFF's supplemental brief asserted that the federal government withheld only one document in both cases pursuant to Exemption 5. *See* ECF 45 at 9. EFF learned from DOJ's supplemental brief (ECF 44 at 4), and follow-up correspondence with DOJ, that there is a second such document. As to both documents, the *EPIC* opinion is not persuasive, for all the reasons set forth in EFF's supplemental brief. *See* ECF 45 at 8-9.

DOJ declaration (though again, the best course would be to simply grant EFF's motion for summary judgment). *See* ECF 45 at 3-4. Moreover, the federal government's decision not to assert Exemption 7(A) over 107 pages in the *EPIC* case shows that Exemption 7(A) does not apply to those same 107 pages in this case. *See* ECF 45 at 4 n.6.

## Conclusion

EFF respectfully requests that this Court grant EFF's motion for summary judgment, deny DOJ's motion for summary judgment, and order DOJ to provide EFF the disputed records.

DATED: November 18, 2016          Respectfully submitted:

                                                    */s/ Adam Schwartz*
                                                    Adam Schwartz

Aaron Mackey
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109

Attorneys for Plaintiff
ELECTRONIC FRONTIER FOUNDATION