UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELECTRONIC FRONTIER FOUNDATION,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

Case No. 15-cv-03186-MEJ

**ORDER RE: IN CAMERA REVIEW**

## INTRODUCTION

Plaintiff Electronic Frontier Foundation filed suit against Defendant the Department of Justice, alleging violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in which Plaintiff sought records pertaining to the "Hemisphere" program. Compl. ¶ 1; *see* Myrick Decl., Ex. A (FOIA Request), Dkt. No. 21. On December 22, 2016, the Court granted in part Plaintiff's Motion for Summary Judgment and Ordered Defendant to submit all records withheld from disclosure for in camera review. Order re: Cross-Mots. for Summ. J. (MSJ Order), Dkt. No. 48. In response, Defendant submitted 259 disputed pages to the Court. *See* Notice, Dkt. No. 49. Having carefully reviewed the documents, the Court issues the following order.

## LEGAL STANDARD

**A.    FOIA Generally**

FOIA authorizes courts to conduct an in camera review of documents withheld by an agency pursuant to one of FOIA's exemptions. 5 U.S.C. § 552(a)(4)(B). In camera review allows courts "to determine whether such records or any part thereof shall be withheld under any of the

exemptions set forth in" 5 U.S.C. § 522(b). 5 U.S.C. § 552(a)(4)(B). But "in camera inspection is not a substitute for the government's burden of proof, and should not be resorted to lightly, due to the *ex parte* nature of the process and the potential burden placed on the court." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1136 (9th Cir. 2008) (internal quotation marks omitted); *see Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991) ("In camera review of the withheld documents by the court is not an acceptable substitute for an adequate *Vaughn* index. In camera review does not permit effect advocacy."). "Therefore, resort to in camera review is appropriate only after 'the government has submitted as detailed public affidavits and testimony as possible." *Wiener*, 943 F.2d at 929 (quoting *Doyle v. F.B.I.*, 722 F.2d 554, 555 (9th Cir. 1983)).

## B.     Exemption 5: Deliberative Process

While the deliberative process privilege serves a number of related purposes, its ultimate aim is to prevent injury to the quality of agency decisions. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). The purpose of the privilege is "to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny." *Assembly of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992). To withhold a document under the deliberative process privilege, the agency must show the document is both predecisional and deliberative. *Nat't Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1117 (9th Cir. 1988). A document is "predecisional" if it was "prepared in order to assist an agency decision maker in arriving at his decision." *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975). Predecisional documents may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Assembly of Cal.*, 968 F.2d at 920. A predecisional document is deliberative if "the disclosure of the materials would expose an agency's decision making process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* (brackets omitted; quoting *Formaldehyde Inst. v. Dep't of Health & Human Servs.*, 889 F.2d 1118, 1122 (D.C. Cir. 1989)). A document can only be part of the deliberative process if its disclosure would expose an agency's decision-making process in such a way as to discourage

2

candid discussion within the agency and thereby undermine the agency's ability to perform its functions. *Maricopa Audubon Soc'y v. U.S. Forest Service*, 108 F.3d 1089, 1093 (9th Cir. 1997).

**C.     Exemptions 6 and 7(C): Contact Information**

Both Exemption 6 and Exemption 7(C) exempt the release of records which would constitute an "unwarranted invasion of personal privacy." 5 U.S.C. §§ 552(b)(6), (b)(7)(C). Exemption 6 covers "personnel and medical files and similar files." 5 U.S.C. § 552(b)(6). Exemption 7(C) covers "records or information complied for law enforcement purposes." 5 U.S.C. § 552(b)(7)(C).

The standard to justify withholding documents under Exemption 6 is higher than Exemption 7(C) in that it requires the disclosure of the files to constitute a "clearly unwarranted" invasion of privacy, whereas Exemption 7(C) only requires that the disclosure "could reasonably be expected to constitute" such an invasion. *Lahr*, 569 F.3d at 974 (quoting 5 U.S.C. 552(b)); *see id.* ("[A]lthough both exemptions [6 and 7(C)] require the court to engage in a similar balancing analysis, they differ in the magnitude of the public interest that is required to override the respective privacy interest protected by the exemptions." (internal quotation marks omitted)). "Both [Exemptions] require a balancing of the public interest in disclosure against the possible invasion of privacy caused by the disclosure." *Hunt v. F.B.I.*, 972 F.2d 286, 287 (9th Cir. 1992).

**D.     Exemption 7(A): Pending Law Enforcement Proceedings**

Exemption 7(A) provides that "records or information complied for law enforcement purposes" may be withheld if they "could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The agency the burden establishing "that it is a law enforcement agency, that the withheld documents were investigatory records complied for law enforcement purposes, and that disclosure of those documents would interfere with pending enforcement proceedings." *Lewis v. I.R.S.,* 823 F.2d 375, 379 (9th Cir. 1987) (citing *F.B.I., v Abramson*, 102 S.Ct. 2054, 2059 (1982)). The Ninth Circuit has held that the Government "need only explain, publicly and in detail, how releasing each of the withheld documents would interfere with the government's ongoing criminal investigations." *Lion Raisins*, 354 F.3d at 1084 (citing *Lewis*, 823 F.2d at 379).

### E. Exemption 7(D): Confidential Sources

Exemption 7(D) provides that "records or information compiled for law enforcement purposes" may be withheld if they "could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record of information compiled by a criminal law enforcement authority in the course of a criminal investigation . . . , information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). "Under this exemption, a source is 'confidential' if it 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could be reasonably inferred.'" *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 814 (9th Cir. 1995) (quoting *United States Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993)). "Such an express promise of confidentiality is 'virtually unassailable.'" *Id.* (quoting *Wiener*, 943 F.2d at 986). "It is also easy to prove: [the Government] need only establish [the informant] was told his name would be held in confidence." *Id.* (internal quotation marks omitted). "The focus, therefore, is not whether 'the requested *document* is of the type that the agency usually treats as confidential, but whether the particular *source* spoke with an understanding that the communication would remain confidential.'" *Id.* (quoting *Landano*, 508 U.S. at 172; emphasis in original). To meet its burden, the government must "make an individualized showing of confidentiality with respect to each source," confidentiality cannot be presumed. *Id.*

### F. Exemption 7(E): Investigative Techniques and Strategies

Exemption 7(E) protects from disclosure law enforcement records that would reveal "techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). To withhold information under this exemption, an agency must demonstrate that the withheld information was "compiled for law enforcement" purposes by establishing a "rational nexus" between "enforcement of a federal law and the document for which" the exemption is claimed. *Rosenfeld*, 57 F.3d at 808.

## OBJECTIONS

As a preliminary matter, Plaintiff objects to the submission of Binder 3, which Defendant

submitted despite the fact that the Court did not request the documents contained therein for in camera review. Obj., Dkt. No. 50. Defendant asserts this is "appropriate because the Court did not afford the Defendant the opportunity to cure the deficiencies noted by the Court in its Summary Judgment Order, which is contrary to normal FOIA practice." Notice. The Court did not request these documents, nor did Defendant move for leave to submit them. Defendant's attempt to have the Court review them is therefore improper and is not well taken. As such, the Court declines to consider Binder 3.

## DISCUSSION[1]

Defendant asserts the following documents are exempt from disclosure under FOIA Exemptions 5, 6, 7(A), 7(D), and/or 7(E). The Court considers each document in turn.

### A. Document No. 1 (pg. 1-12)

Document No. 1, dated September 2012, is an email chain between Federal government employees discussing legal issues relating to the Hemisphere program. The emails discuss a draft "rider" to be used in obtaining dropped phone replacement numbers. Attached to the emails are documents containing sensitive information concerning Hemisphere data analysis. These documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. *See Hamdan*, 797 F.3d at 777-78 (finding FBI documents exempt from disclosure where revealing a known investigative technique would enable criminals to educate themselves about law enforcement methods used to locate and apprehend persons). The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 6, 7(C) and 7(E). The Court ORDERS Document No. 1 exempt from disclosure.

### B. Document No. 2 (pg. 13-14)

Document No. 2 is an email chain between Federal government employees discussing Hemisphere Program information processing and procedures. The emails range from August 2008

---

[1] The Court's MSJ order contains a detailed factual background of this case. *See* MSJ Order at 48.

5

through September 2012. The emails contain the names of law enforcement personnel and their personal contact information. Defendant's *Vaughn* Index[2] states "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 13-14. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 2 in part. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemptions 6 and 7(C).

### C. Document No. 3 (pg. 15)

Document No. 3, dated January 2014, is an email between Federal government employees discussing agency interest in participating in the Hemisphere Program. Several documents outlining Hemisphere's program operations are attached to the email. The email also contains the names of law enforcement personnel and their personal contact information. Defendant's *Vaughn* Index states "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 13-14. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 3 in part. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemptions (6) and (7)(C).

### D. Document No. 4 (pg. 16-27)

Document No. 4, dated January 2013, is a memorandum prepared by a DOJ attorney. The draft contains law enforcement techniques that if disclosed would interfere with law enforcement proceedings. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. These documents not only identified Hemisphere as

---

[2] [2] The term "*Vaughn* Index" originates from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), wherein the court rejected an agency's conclusory affidavit stating that requested FOIA documents were subject to exemption. *Id*. at 828.

6

an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. Further, as an attorney prepared the draft memorandum for the DOJ, the information is protected by the attorney-client privilege under Exemption 5. *See In Re Sealed Case*, 737 F.2d 94, 98-99 (D.C. Cir. 1984) (the attorney-client privilege protects confidential communications made between clients and their attorneys when communications are for the purpose of securing legal advice or services). Document No. 4 contains no reasonably segregable factual material and therefore protected from disclosure under Exemption 5 and 7(E). The Court ORDERS Document No. 4 exempt from disclosure.

### E. Document No. 5 (pg. 28-30)

Document No. 5 contains PowerPoint slides outlining procedure for completing Hemisphere Program subpoenas. The PowerPoint slides do not contain law enforcement techniques or information that would interfere with law enforcement proceedings. Defendant's *Vaughn* Index states that "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 28-30. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 2 in part. Prior to disclosure, Defendant shall redact all law enforcement personnel contact information pursuant to Exemption 7(C).

### F. Document No. 6 (pg. 31-34)

Document No. 6 outlines basic capabilities of the Hemisphere Program. The documents are protected under 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. These documents not only identify Hemisphere as an investigative technique, but also describe information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 6 exempt from disclosure.

### G. Document No. 7 (pg. 35-36)

Document No. 7 outlines Hemisphere procedure and contains information discussing Hemisphere data analysis and results. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identify Hemisphere as an investigative technique, but also describe information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 7 exempt from disclosure.

### H. Document No. 8 (pg. 37-39)

Document No. 8 outlines required information needed to be input into the Hemisphere Program to locate a dropped phone. The documents contain information discussing Hemisphere data analysis and results. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, and how to analyze the information gathered through these techniques. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 8 exempt from disclosure.

### I. Document No. 9 (pg. 40-41)

Document No. 9 is a blank Hemisphere Project Request Form. The Hemisphere Project Request Form does not contain law enforcement techniques or information that would interfere with law enforcement proceedings. The Court ORDERS Document No. 9 released in part. Prior to disclosure, Defendant shall redact all law enforcement personnel contact information pursuant to Exemption 7(C).

**J.     Document No. 10 (pg. 42-46)**

Document No. 10, dated October 2008, is an email chain between Federal government employees concerning Hemisphere Program data analysis. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The email also contains the names and personal contact information of law enforcement personnel. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 6, 7(E) and 7(D). The Court ORDERS Document No. 10 exempt from disclosure.

**K.     Document No. 11 (pg. 47-48)**

Document No. 11 is identical to Document No. 9. Document No. 11 is a blank Hemisphere Project Request Form. The Hemisphere Project Request Form does not contain law enforcement techniques or information that would interfere with law enforcement proceedings. For the following reasons above, the Court ORDERS Document No. 11 released in part. Prior to disclosure, Defendant shall redact all law enforcement personnel contact information pursuant to Exemption 7(C).

**L.     Document No. 12 (pg. 49-50)**

Document No. 12 contains PowerPoint slides addressing information Hemisphere subpoenas request. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The email also contains the names and personal contact information of law enforcement personnel. The

9

1 documents contain no reasonably segregable factual material and are therefore protected from
2 disclosure under Exemption 6, 7(C), 7(D), and 7(E). The Court ORDERS Document No. 12
3 exempt from disclosure.

**M.     Document No. 13 (pg. 51-52)**

Document No. 13 is identical to Document Nos. 9 and 11. Document No. 13 is a blank Hemisphere Project Request Form. The Hemisphere Project Request Form does not contain law enforcement techniques or information that would interfere with law enforcement proceedings. The Court ORDERS Document No. 13 released in part. Prior to disclosure, Defendant shall redact all law enforcement personnel contact information pursuant to Exemption 7(C).

**N.     Document No. 14 (pg. 53-55)**

Document No. 14, is a "Court Order Under Seal," which contains placeholders used to gather information to conduct a Hemisphere request. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 14 exempt from disclosure.

**O.     Document No. 15 (pg. 56-58)**

Document No. 15, dated September 2013, is an email chain between Federal government employees regarding general questions about the Hemisphere Program. Defendant's *Vaughn* Index states "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 56-58. The emails contain the names and personal contact information of law enforcement personnel. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 15 released in part. Prior to disclosure, Defendant shall redact all personal

contact information and law enforcement personnel contact information pursuant to Exemption (6) and 7(C).

**P.      Document No. 16 (pg. 59-72)**

Document No. 16, dated May 2012, is an email chain between Federal government employees with an attached PowerPoint. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. Defendant's *Vaughn* Index states "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 59-72. The Court ORDERS pages 59-62 exempt from disclosure; however, the Court ORDERS release of pages 63-72. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemptions 6 and 7(C).

**Q.      Document No. 17 (pg. 73-77)**

Document No. 17, dated May 2012, is an email chain between Federal government employees discussing potential updates to the "Hemisphere Request Form." The documents are protected under Exemption 7(E) and 7(A) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. Defendant's *Vaughn* Index states "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 73-77. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 17 exempt from disclosure.

11

**R. Document No. 18 (pg. 78-79)**

Document No. 18, dated September 2013, is an email chain between Federal government employees discussing various news articles concerning the Hemisphere program. Nothing in the email identifies law enforcement techniques or could reasonably interfere with law enforcement techniques. Defendant's *Vaughn* Index states "during litigation review, previously withheld portions of this document were determined to be releasable." *Vaughn* Index No. 78-79. The Court ORDERS Defendant release Document No. 18 released in part. Prior to disclosure, Defendant shall redact all personal contact information, law enforcement personnel contact information, and private-sector identifying information pursuant to Exemption 6 and 7(C).

**S. Document No. 19 (pg. 80-95)**

Document No. 19 is an email with attached PowerPoint slides containing statistical information on usage rates for Hemisphere around the country. Disclosure of these PowerPoint slides would not interfere with law enforcement proceedings or reveal law enforcement techniques. The Court ORDERS Defendant release Document No. 19 released in part. Prior to disclosure, Defendant shall redact all personal contact information, law enforcement personnel contact information, and private-sector identifying information pursuant to Exemption 6 and 7(C).

**T. Document No. 20 (pg. 96-97)**

Document No. 20, dated August 2013, is an email chain between Federal government employees regarding having a Hemisphere program training day. Disclosure of this information would not interfere with law enforcement proceedings or reveal law enforcement techniques. The Court ORDERS Defendant release Document No. 20 released in part. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemption 6 and 7(C).

**U. Document No. 21 (pg. 98-99)**

Document No. 21, dated June 2013, is an email chain between Federal government employees addressing funding concerns for Hemisphere. Disclosure of this information would not interfere with law enforcement proceedings or reveal law enforcement techniques. The Court ORDERS Defendant release Document No. 21 released in part. Prior to disclosure, Defendant

1 shall redact all personal contact information, law enforcement personnel contact information, and
2 private-sector identifying information pursuant to Exemption 6 and 7(C).

**V.    Document No. 22 (pg. 100-105)**

Document No. 22, dated September 2012, is an email chain between Federal government employees discussing the AT&T Hemisphere contract. Attached to the email is the contract between AT&T and the High Intensity Drug Trafficking Area Program (HIDTA). The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. Furthermore, on the cover page of the contract is a disclaimer that "this document includes information and data that shall not be disclosed outside the customer. . ." Thus an expressed agreement between existed AT&T and the Government that the information contained within the contract would remain confidential. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(D) and 7(E). The Court ORDERS Document No. 22 exempt from disclosure.

**W.    Document No. 23 (pg. 106)**

Document No. 23, dated October 2010, is a U.S. Department of Justice/Drug Enforcement Administration Subpoena. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The subpoena contains law enforcement contact information. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 23 exempt from disclosure.

### X. Document No. 24 (pg. 107-09)

Document No. 24, dated October 2010, is a completed "Hemisphere Project Request Form" used in a law enforcement proceeding. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption and 7(A) and 7(E). The Court ORDERS Document No. 24 exempt from disclosure.

### Y. Document No. 25 (pg. 110)

Document No. 25, dated May 2007, is an email between Federal government employees regarding a Hemisphere program affidavit. The emails do not contain law enforcement techniques or information that would interfere with law enforcement proceedings. Accordingly, the Court ORDERS Defendant release Document No. 25 in part. Prior to disclosure, Defendant shall redact all personal contact information, law enforcement personnel contact information, and private-sector identifying information pursuant to Exemptions 6 and 7(C).

### Z. Document No. 26 (pg. 111-252)

Document No. 26 contains PowerPoint slides outlining Hemisphere Program procedure. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents are protected because disclosure could enable criminals to educate themselves about law enforcement methods used to locate and apprehend individuals. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 26 exempt from disclosure.

### AA. Document No. 27 (pg. 253-53)

Document No. 27, dated August 2010, is an email chain between Federal government employees concerning the AT&T contract. The emails contain the names of law enforcement personnel and their personal contact information. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 27 in part. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemption 6, 7(C).

### BB. Document No. 28 (pg. 255- 59)

Document No. 28 is an email chain between Federal government employees regarding Hemisphere data collection processes. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 6, 7(C), and 7(E). The Court ORDERS Document No. 28 exempt from disclosure.

### CC. Document No. 29 (pg. 260-64)

Document No. 29 is a contract between AT&T and DOJ. It contains restrictions on Hemisphere program disclosure of information and the use of program data. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under 7(E). The Court ORDERS Document No. 29 exempt from

1 disclosure.

**DD.   Document No. 30 (pg. 265)**

Document No. 30, dated November 2007, is an email chain between Federal government employees discussing a request by AT&T. The emails contain the names of law enforcement personnel and their personal contact information. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 30 in part. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information.

**EE.   Document No. 31 (pg. 266)**

Document No. 31 is an email between Federal government employees regarding the collection of Hemisphere data. The documents are protected under Exemption (7)(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 6, 7(C), and 7(E). The Court ORDERS Document No. 31 exempt from disclosure.

**FF.   Document No. 32 (pg. 267-68)**

Document No. 32 is an email chain between Federal Government employees regarding the collection of Hemisphere data. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from

1  disclosure under Exemption 6, 7(C), and 7(E). The Court ORDERS Document No. 32 exempt
2  from disclosure.

**GG.  Document No. 33 (pg. 269-77)**

These PowerPoint slides contain statistical information regarding Hemisphere's monthly request and usage rates. Disclosure of these PowerPoint slides would not interfere with law enforcement proceedings or reveal law enforcement techniques. The PowerPoint slides contain the names of law enforcement personnel and their personal contact information. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 33 in part. Prior to disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemption 6 and 7(C).

**HH.  Document No. 34 (pg. 278-82)**

Document No. 34, labeled "Hemisphere Location Data," outlines Hemisphere information processing. The documents are protected under Exemption 7(E) because disclosure could enable criminals to educate themselves about "law enforcement methods used to locate and apprehend individuals." *Hamdan*, 797 F.3d at 777-78. The documents not only identified Hemisphere as an investigative technique, but also described information such as the circumstances under which the techniques should be used, how to analyze the information gathered through these techniques, and the current focus of Hemisphere investigations. The documents contain no reasonably segregable factual material and are therefore protected from disclosure under Exemption 7(E). The Court ORDERS Document No. 34 exempt from disclosure.

**II.  Document No. 35 (pg. 283-05)**

Document No. 35, is a collection of PowerPoint slides containing statistical analysis regarding Hemisphere's Los Angeles department usage rates. Disclosure of the PowerPoint slides would not interfere with law enforcement proceedings or reveal law enforcement techniques. The PowerPoint slides contain the names of law enforcement personnel and their personal contact information. The Court's in camera review of this document shows it contains segregable material. Accordingly, the Court ORDERS Defendant release Document No. 35 in part. Prior to

17

disclosure, Defendant shall redact all personal contact information and law enforcement personnel contact information pursuant to Exemption 6 and 7(C).

## CONCLUSION

For the foregoing reasons, the Court ORDERS Document Nos. 2, 3, 5, 9, 11, 13, 15, 16, 18, 19, 20, 21, 25, 30, 33, and 35 released in part as described above. The Court finds all other documents exempt from disclosure.

Defendant shall provide Plaintiff with the aforementioned documents, redacted in accordance with this Order, within three weeks of this order. Within three weeks thereafter, the parties shall file a joint status report indicating whether Defendant has fully complied with this Order or whether there remain any pending disputes. Prior to filing the status report, the parties shall meet and confer in good faith, either in person or telephonically, to resolve outstanding disputes, if any, and to agree on a proposed course of action to resolve such disputes.

**IT IS SO ORDERED.**

Dated: July 2, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge